**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:     *Jennifer C. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
        Civil No. 23-2737-CDA

Dear Counsel:

On October 10, 2023, Plaintiff Jennifer C. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 6) and the parties' filings[2] (ECFs 9, 11). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion and AFFIRM the Commissioner's decision. This letter explains why.

I.     **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on November 4, 2020, alleging a disability onset of January 23, 2020. Tr. 232-36. Plaintiff's claims were denied initially and on reconsideration. Tr. 120-21, 138. An initial hearing was held on August 29, 2022, by an Administrative Law Judge ("ALJ") but postponed due to an ongoing workers compensation case and an incomplete record. Tr. 91-107. A second hearing occurred on December 7, 2022. Tr. 41-90. Following the hearing, on May 1, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 12-38. The

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on October 10, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, Plaintiff filed a motion for summary judgment, or in the alternative a Motion to Remand. *See* ECF 9.

[3] 42 U.S.C. §§ 301 et seq.

*Jennifer C. v. O'Malley*
Civil No. 23-2737-CDA
August 23, 2024
Page 2

Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since January 23, 2020, the alleged onset date[.]" Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of disorders of the lumbar spine, thoracic spine and cervical spine; history of Arnold Chiari malformation; and obesity. Tr. 18. The ALJ also determined that "all other impairments alleged and found in the record [were] non-severe." Tr. 18. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except for the following: the claimant can frequently, but not always, balance; the claimant can only occasionally climb stairs, stoop, kneel, and crouch; the claimant should never climb ladders and never crawl; the claimant can have no more than occasional exposure to extreme cold or extreme heat; the claimant can have no more than occasional exposure to fumes, gases, or pulmonary irritants; the claimant can have no more than occasional exposure to workplace hazards, such as unprotected heights or dangerous machinery; the claimant should have no exposure to sustained, loud noises, no exposure to vibration, and no exposure to bright lights; the claimant can frequently, but not always, twist the lumbar spine, that is, the lower back; the claimant can frequently, but not always, handle objects, that is, the gross manipulation, with either the left or the right hand, that is primarily because of the neck; the claimant is limited to standing or walking only four hours total in an eight hour work day, so this would be a limited light; the claimant must be allowed to occasionally alternate between sitting and standing positions while at the workstation (The applicable SSR requires me to describe the frequency of alteration, but not the duration in each position, nor do I think I have sufficient quantified evidence to be able to provide a

number from the alleged onset date all the way through the date of the decision. It is unchanging, so I am going to defer that.); the claimant is limited to nonproduction-paced tasks as to tempo and capacity, essentially non-assembly line work; and the claimant must be in a job that allows her to wear a back brace.

Tr. 21.  The ALJ determined that Plaintiff was unable to perform past relevant work as a Duty Nurse (DOT[4] #075.364-010) but could perform other jobs that existed in significant numbers in the national economy.  Tr. 30-32.  Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff argues that the ALJ's RFC presented to the vocational expert is legally insufficient.  ECF 9-1, at 10.  Plaintiff contends that the RFC does not reflect all of Plaintiff's substantiated limitations regarding Plaintiff's (1) ability to stand or walk for four hours of an eight hour workday, (2) ability to sit any amount of time in an eight hour work day, (3) ability to alternate between sitting and standing positions, (4) use of a cane or left foot brace, and (5) progression of lower back impairments.  ECF 9-1, at 11-12.  Defendant counters that substantial evidence supports the ALJ's findings.  Defendant explains that (1) the ALJ properly found that the evidence supports Plaintiff's ability to stand and walk for four hours total, (2) the evidence supports her ability to sit in conformity with reduced range of light work, (3) there is no indication that Plaintiff cannot remain on task while alternating between sitting and standing, (4) Plaintiff has not shown

---

[4] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Jennifer C. v. O'Malley*
Civil No. 23-2737-CDA
August 23, 2024
Page 4

that a cane is medically required, and (5) Plaintiff's claim that her lower back pain has worsened does not meet her burden to prove that she is incapable of performing any work activities.  ECF 11, at 7-11.

    *A.   Substantial evidence supports the ALJ's RFC.*

    A claimant's RFC is "the most [they] can still do despite [their] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a).  In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]"  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).  In cases that reach step five of the sequential evaluation process, an ALJ must pose hypothetical questions to a vocational expert to determine whether the claimant's RFC precludes them from performing jobs existing in substantial numbers in the national economy.  *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

    As an initial matter, the Fourth Circuit has held that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'"  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).  Remand is required only "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Id*. (quoting *Cichocki*, 729 F.3d at 177).  As such, the lack of an explicit function-by-function analysis for sitting or standing does not warrant remand here.

    A careful review of the ALJ's decision makes clear that the ALJ amply supported the RFC determination with substantial evidence.  The ALJ offered a narrative discussion of Plaintiff's medical evidence spanning nine pages and citing to specific evidence in the record.  Tr. 21-30.  The ALJ articulated a logical bridge between this evidence, along with Plaintiff's testimony and the opinions of medical professionals, and the conclusion that Plaintiff can perform limited light work with certain physical limitations.  For example, during the course of Plaintiff's treatment and numerous physical exams, the ALJ explained, although she had some pain, Plaintiff often had normal exam findings.  *See* Tr. 22-27 (summary of spine in neutral, gait normal, no signs of psychomotor slowing on May 5, 2020; August 12, 2020; May 10, 2021; January 8, 2021; muscle strength was a 5/5 and needing her back brace to perform tasks).  After discussing these findings and other evidence, the ALJ concluded that Plaintiff alleged "severe / extreme limitations with lifting, carrying, sitting, standing, and walking, as well as severe pain and very limited activities of daily living [].  However, since January 23, 2020, the alleged onset date, the objective examinations, including [physical exams], x-rays, and MRIs, indicate normal to moderate findings overall."  Tr. 28.  The ALJ further noted that Plaintiff's "pain and function have improved overall with only conservative treatment, including medications, exercise, and a back brace[.]"  Tr. 28.

Jennifer C. v. O'Malley
Civil No. 23-2737-CDA
August 23, 2024
Page 5

Indeed, the ALJ discussed Plaintiff's ability to stand, walk, and sit during the workday. Plaintiff disagrees, deeming it "unconscionable" that the ALJ found Plaintiff able to stand and walk for "even four hours out of an eight-hour work day considering the severity of her lower back pain and left leg pain." Despite Plaintiff's hearing testimony, the physical exams—cited by the ALJ—portray her ability to walk and stand, her normal gait, and improved activity with medications and a back brace, which the ALJ included in the RFC. Tr. 21-27. Plaintiff argues that the ALJ improperly found she could sit during an eight-hour workday; on the contrary, the ALJ discussed that Plaintiff "cannot sit for long periods of time." Tr. 22. Additionally, the ALJ determined that Plaintiff needed a sit/stand option even when the medical opinion of Mr. Ugo Akara opined that Plaintiff had no limitations with sitting. Tr. 29.

The Fourth Circuit has held that "[a]lthough a claimant's allegations about [their] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996); *see also Gross v. Heckler*, 785 F.2d 1163, 1165-66 (4th Cir.1986) (finding the claimant's claim that he was disabled not credible when "[h]is arthritis responded to conservative treatment, and his stomach pains were relieved by antacids. If a symptom can be reasonably controlled by medication or treatment, it is not disabling."). Here, the ALJ determined that based on the physical exams and Plaintiff's overall improvement with medications and the back brace, she could perform limited light work. Tr. 28.

Not having identified any evidence that the ALJ failed to review, Plaintiff's position amounts to a disagreement with how the ALJ considered the evidence related to her physical limitations. But the Court "does not reweigh evidence . . . in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)).

   *B.   The ALJ did not err regarding Plaintiff's sit/stand option.*

Plaintiff argues next that the ALJ improperly found that she can remain on task while alternating between sitting and standing because "her pain is worse when transitioning from a seated to standing position[.]" ECF 9-1, at 11. There is no error in the RFC's requirement that Plaintiff must remain on task while switching positions. *See, e.g.*, *Ellis v. Comm'r of Soc. Sec.*, No. 20-74, 2022 WL 1127114, at *3 (E.D.N.C. Jan. 31, 2022) (citation omitted) ("It is not legal error for an ALJ to dr[a]w her own conclusions from the evidence regarding Plaintiff's ability to maintain a position and remain on task.") (brackets in original), *report and recommendation adopted sub nom. Ellis v. Kijakazi*, 2022 WL 990373 (E.D.N.C. Mar. 31, 2022); *Sandra D. v. Comm'r of Soc. Sec. Admin.*, No. 20-1067, 2022 WL 344058, at *6 (N.D.N.Y. Feb. 4, 2022) (determining that the ALJ was entitled to find that the claimant could remain on task "during . . . a position switch" because the record "conspicuously lack[ed] any mention of the necessity of

greater limitation"). Plaintiff does not identify any evidence evincing her need to go off-task before changing positions. As such, the Court finds remand unnecessary on the RFC's sit/stand option.

Moreover, courts have recognized that an RFC sit/stand option that fails to state how frequently the claimant needs to alternate between sitting and standing is permissible. *See, e.g.*, *Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005) ("Although the ALJ failed to specify the frequency that [the claimant] needed to change his sit/stand position, the reasonable implication of the ALJ's description was that the sit/stand option would be at [the claimant's] own volition. This implication satisfies [the claimant's] needs."); *Young v. U.S. Comm'r of Soc. Sec.*, No. 8-474, 2009 WL 2827945, at *12 (W.D. La. Sept. 1, 2009) (finding harmless error where the ALJ "failed to specify the frequency of [the claimant's] sit/stand option," because "it is assumed that the 'sit/stand option' given by the ALJ was implicitly 'as needed' or 'at will'"). Here, the ALJ accounted for Plaintiff's symptoms by concluding that she "must be allowed to occasionally alternate between sitting and standing positions while at the workstation." Tr. 28. The Court agrees with other courts finding that the absence of a stated frequency implies the claimant can do so at will or as needed.

*C. The ALJ did not err by excluding the use of a cane or left foot brace.*

Next, Plaintiff argues that the RFC "does not include the use of a cane which is established by physical examination or a left foot brace to assist with [Plaintiff's] left foot drop[.]" ECF 9-1, at 12. Plaintiff's argument fails because she has not met her burden under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.15(D).

"[I]t is not enough that scattered portions of the record might support certain of the required elements of a listing. Rather the 'claimant must show that he meets all the requirements of the listing consistently.'" *Aguirre v. Saul*, 568 F. Supp. 3d 477, 484 (S.D.N.Y. 2021) (emphasis omitted) (quoting *John Q. v. Comm'r of Soc. Sec.*, No. 19-CV-1249, 2021 WL 1578297, at *6 (W.D.N.Y. Apr. 22, 2021)). Here, the ALJ noted they did not include the use of a cane or brace because her physical exams "indicate a normal gait[.]" Tr. 28. Plaintiff testified she started using the cane in September of 2022 and that she uses a brace for her foot drop. Tr. 22. However, outside of Plaintiff's testimony, she fails to fulfill the criterion under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.15(D). *See Arnette R. v. Kijakazi*, No. 22 C 4225, 2023 WL 3043199, at *6-7 (N.D. Ill. Apr. 21, 2023) (affirming the ALJ's determination that the claimant did not meet the requirements of Listing 1.15 despite some use of a cane was supported by substantial evidence because the claimant's "[t]reatment records regularly revealed normal gait, intact sensation, and 5/5 strength, and do not generally discuss the need to use a cane"); *Wilkes v. Kijakazi*, No. 4:22-CV-01591, 2023 WL 3855317, at *5 (S.D. Tex. June 5, 2023) (affirming an ALJ's determination that the claimant did not meet the requirements of Listing 1.15 where the ALJ weighed the claimant's activities of daily living and "lack of objective evidence as to the alleged severity of [the claimant's] impairments" that "spurred the use of [any] assistive devices"). Having concluded that Plaintiff's pain and function have improved overall, the ALJ supported the RFC providing for her back brace but no other assistive device. Tr. 21, 28.

Jennifer C. v. O'Malley
Civil No. 23-2737-CDA
August 23, 2024
Page 7

> ### D.  The ALJ adequately evaluated Plaintiff's progression of her lower back impairment.

The ALJ determined that despite Plaintiff's severe impairments, and her allegations of extreme limitation "with lifting, carrying, sitting, standing, and walk, as well as severe pain and very limited activities of daily living" she was no more limited than reflected in the RFC.  *See* Tr. 28, 21.  The ALJ based this upon the "objective examinations, including [physical examinations], x-rays, and MRIs, [which] indicate[d] normal to moderate findings overall." Tr. 28.  The ALJ concluded that "since January 23, 2020, the alleged onset date, [Plaintiff's] pain and function have improved overall with only conservative treatment, including medications, exercise, and a back brace." Tr. 28.

To be sure, the ALJ thoroughly discussed Plaintiff's course of back pain.  Tr. 21-30. Plaintiff suffered from a back injury on May 12, 2016.  Tr. 23.  Plaintiff underwent a course of treatment for her back, including medication, injections, and pain management. Tr. 23.  Following her treatment throughout 2016-2019, Plaintiff showed normal strength and reflexes in the lower extremities and imaging of her back remained stable.  Tr. 23-24.  In February of 2020, Plaintiff experienced "burning down the back of her thigh" and received medication that was helpful and reduced her smoking.  Tr. 24.  She continued therapies for her back, leg and foot pain, with medications.  Tr. 24.  A progress note, from November 1, 2022, stated that since her back surgery in 2017, Plaintiff "has developed mechanical back pain, with difficulty walking distances[.] Her pain is worse when she is transitioning from seated to a standing position[.] It is also worse with standing for long periods of time." Tr. 27.  The ALJ accounted for these limitations in reducing light work as it relates to the sitting and standing limitations and issues with back pain.  In pressing her argument, Plaintiff points to the exact evidence that the ALJ discussed in contemplating their narrative regarding her back pain.  Thus, her request amounts to a request to reweigh evidence and, again, fails to compel reversal or remand.  *See Fiske*, 476 F. App'x at 527.

> ### E.  The ALJ's RFC presented to the VE is sufficient.

Lastly, the Court notes that an ALJ does not err by failing to include the VE's testimony. "It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."  *David R. v. Comm'r of Soc. Sec.*, No. 22-0088, 2022 WL 17362156, at *7 (S.D. Ohio Nov. 30, 2022) (quoting *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421-22 (6th Cir. 2014)); *see Michael O. v. Kijakazi*, No. BAH-22-2287, 2023 WL 4533318, at *7 (D. Md. July 13, 2023) (holding that an ALJ does not err when excluding off-task percentage or absenteeism contemplated by a VE). Even though the ALJ contemplated Plaintiff's unscheduled absences, a VE's testimony about absenteeism is "not required to be incorporated into the RFC" because such testimony "is a statement of the vocational expert's general observation and experience and does not pertain to [the claimant's] specific functioning."  *Vicki M. o/b/o Monte H. v. Comm'r of Soc. Sec.*, No. MKD-17-0437, 2019 WL 438480, at *8 (E.D. Wash. Feb. 4, 2019) (citing 20 C.F.R. § 404.1545(a)(4)). As such, the ALJ did not err by failing to incorporate the VE's testimony regarding off-task time and unscheduled absences into the RFC.

*Jennifer C. v. O'Malley*
Civil No. 23-2737-CDA
August 23, 2024
Page 8


## V.   __CONCLUSION__

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 9, is DENIED and Plaintiff's alternative motion for remand, ECF 9, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.


Sincerely,


/s/


Charles D. Austin
United States Magistrate Judge